# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA EDUCATORS FOR MEDICAL FREEDOM, et al., <br>     Plaintiffs, <br><br> v. <br><br> AUSTIN BEUTNER, et al., <br>     Defendants. | CV 21-2388 DSF (PVCx) <br><br> Order GRANTING Defendants' Motion to Dismiss (Dkt. 33) |

    This case arises from a group of Los Angeles Unified School District (LAUSD) employees' objections to an alleged mandate that they be vaccinated against COVID-19.  Defendants Austin Beutner and Linda Del Cueto move to dismiss the First Amended Complaint (FAC).  Dkts. 33-1 (Mot.), 39.  Plaintiffs California Educators for Medical Freedom (CEMF), Artemio Quintero, Miguel Sotelo, Janet Phyllis Bregman, Cedric Johnson, Misanon Lloyd, Heather Poundstone, and Theresa D. Sanford, oppose.  Dkt. 37 (Opp'n).  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons stated below, the motion is GRANTED.

## I. BACKGROUND

    CEMF is an association of LAUSD employees "whose purpose is to advocate for medical choice and bodily autonomy on behalf of its members."  Dkt. 25 (FAC) ¶ 10.  The remaining plaintiffs are employed by LAUSD in various positions including carpenter, electrician, and teacher.  Id. ¶¶ 11-17.  Beutner is the superintendent of LAUSD.  Id. ¶ 19.  Del Cueto is LAUSD's director of human resources.  Id. ¶ 20.

## A. COVID-19 Vaccinations

On January 30, 2020, the World Health Organization declared the outbreak of COVID-19 a public health emergency. Id. ¶ 43. In April 2020, the U.S. government announced Operation Warp Speed, a public/private partnership to develop and distribute a vaccine for COVID-19. Id. ¶ 45. Three manufacturers developed vaccines and submitted Phase III trial results to the FDA: Moderna, Pfizer, and Janssen Biotech. Id. ¶¶ 54-55.

For a new vaccine to be approved, the manufacturer would normally submit an application to the FDA under section 505(b) of the Food, Drug, and Cosmetics Act. Id. ¶ 56. None of the three COVID vaccines has been approved under section 505(b). Id. Instead, all have been authorized for emergency use (EUA) under section 564 of the Act, which vests the Secretary of Health and Human Services with permissive authority to introduce into commerce a drug, device, or biological product intended for use in an emergency. Id. ¶ 57.

Pfizer and Moderna applied for EUAs in late 2020 and Janssen in early 2021. Id. ¶ 60. The FDA granted an EUA for the Pfizer Vaccine on December 11, 2020, the Moderna Vaccine on December 18, 2020, and the Janssen Vaccine on February 27, 2021. Id. ¶¶ 61-63.

## B. LAUSD Schools

On March 16, 2020, LAUSD closed all schools in Los Angeles County to in-person instruction. Id. ¶ 74. Around February 2021, Beutner and other LAUSD representatives began instructing Plaintiffs to make appointments to get vaccinated. Id. ¶ 77. On March 4, 2021, Del Cueto distributed an interoffice memorandum to the local district superintendents that included an attachment. Id. ¶¶ 78-79. Plaintiffs assert the attachment required vaccination for all LAUSD employees because it used the word "will." Id. ¶¶ 79-81. For instance, the attachment, titled "Vaccination Guidance for Employees" states, "[y]ou will schedule your appointment . . . ." Id., Ex. G.

Plaintiffs further allege that Del Cueto told someone in the presence of Quintero that the vaccine is mandatory and any refusal by an employee to get vaccinated would trigger disciplinary action. Id. ¶ 82. Additionally, a union representative informed employees via email that LAUSD representatives stated all district employees would be required to be vaccinated, with some exemptions. Id. ¶ 83 & Ex. H. Plaintiffs do not allege any LAUSD representative directly told them they would need to get vaccinated or else incur adverse employment actions.

On March 18, 2021, Del Cueto circulated an updated memorandum that gave employees the option either to get vaccinated or to submit to COVID-19 tests (the Updated Memorandum). Id. ¶ 86.

## II. LEGAL STANDARD

The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure.

A Rule 12(b)(1) jurisdictional challenge can be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party asserts that the allegations in the complaint are "insufficient on their face" to establish federal jurisdiction. Id. "Whether subject matter jurisdiction exists therefore does not depend on resolution of a factual dispute, but rather on the allegations in [the] complaint." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). The court accepts the allegations in the complaint as true, and the plaintiff need not present evidence outside the pleadings. Id.

## III. DISCUSSION

Defendants argue Plaintiffs' claims are not ripe for adjudication. Mot. at 5-7. Article III's "case or controversy" requirement limits federal courts' subject matter jurisdiction by requiring that the plaintiff have standing and that the claims be ripe. Allen v. Wright, 468 U.S.

737, 750 (1984), abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118 (2014). "The ripeness inquiry contains both a constitutional and a prudential component." Oklevueha Native Am. Church of Haw., Inc. v. Holder, 676 F.3d 829, 835 (9th Cir. 2012) (quoting Portman v. County of Santa Clara, 995 F.2d 898, 902 (9th Cir. 1993)). Standing and ripeness are closely related, but while standing primarily is "concerned with *who* is a proper party to litigate a particular matter, ripeness addresses *when* litigation may occur." Bova v. City of Medford, 564 F.3d 1093, 1096 (9th Cir. 2009) (quoting Lee v. Oregon, 107 F.3d 1382, 1287 (9th Cir. 1997)). Therefore, to some extent, constitutional ripeness may "be characterized as standing on a timeline." Id. at 1096 (quoting Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc)).

"[R]ipeness is peculiarly a question of timing, designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Thomas, 220 F.3d at 1138 (citations and quotation marks omitted). The Court's role "is neither to issue advisory opinions nor declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Id.

"A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. United States, 523 U.S. 296, 300 (1998) (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985)). "That is so because, if the contingent events do not occur, the plaintiff likely will not have suffered an injury that is concrete and particularized enough to establish the first element of standing." Bova v. City of Medford, 564 F.3d 1093, 1096 (9th Cir. 2009).

In Bova, the Ninth Circuit found the case was not ripe because the plaintiffs' alleged injury, denial of health insurance coverage, had not yet happened. Id. at 1096-97. The injury was "contingent upon two events: (1) each Plaintiff's retirement from City service; and (2) the City's official denial of benefits to him or her." Id. at 1096. It was

4

"possible that neither of the two events w[ould] occur" as "Plaintiffs could change jobs, be terminated or die" before retiring. Id. at 1096-97.

In Texas, the Supreme Court addressed the ripeness of Texas's claim that the Voting Rights Act of 1965 did not apply to the sections of the Texas Education Code that permitted Texas to sanction school districts for failure to meet state-mandated educational achievement levels. 523 U.S. at 297. The Court found the case was not ripe because, among other things, Texas did not point to any school district where sanctions were foreseen or likely and the Court had "no idea whether or when such [a sanction] w[ould] be ordered." Id. at 300-01 (first alteration in original) (quoting Toilet Goods Ass'n, Inc. v. Gardner, 387 U.S. 158, 163 (1967)).

Taking all Plaintiffs' allegations as true, LAUSD has not required vaccinations for employees. According to the FAC, in its most recent guidance – and the only policy that LAUSD representatives directly communicated to employees – LAUSD stated employees can choose to either receive the vaccine or be tested for COVID-19. See FAC ¶ 86. As in the above cited cases, there has not been an injury, and it is unclear if and when there ever would be. For there to be a future injury, (1) LAUSD would have to make vaccinations mandatory, (2) at least one of the Plaintiffs would have to refuse to receive a vaccine and not qualify for any exemption, and (3) LAUSD would have to take an adverse employment action against that Plaintiff as a result. This chain of events is completely speculative.

Plaintiffs argue this case is constitutionally ripe because there is a threat of future injury. Opp'n at 3-6. However, based on the present allegations, there is no threat of future injury because LAUSD explicitly stated it is not requiring vaccines. There is no indication, beyond Plaintiffs' speculation, that LAUSD will begin to require vaccination of all employees at some point in the future and will not offer exemptions for Plaintiffs.

Plaintiffs also argue that when they filed their complaint, days before the Updated Memorandum was sent, they could demonstrate a

5

real and immediate threat of injury in the future.  Opp'n at 5 (quoting Chapman v. Pier 1 Imps. (U.S.), Inc., 631 F.3d 939, 946 (9th Cir. 2011)).  They argue Defendants' voluntary cessation subsequent to the filing of this litigation is not sufficient to moot the case.  Id.  Although "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice," Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (quotation marks omitted), according to Plaintiffs' allegations, Defendants never began the objectionable conduct in the first place.  Plaintiffs allege LAUSD stated employees "will," be required to be vaccinated, FAC ¶¶ 79, 83, not *are* required to be.  There are no allegations that any LAUSD employee incurred an adverse employment action from refusal to be vaccinated or was directly threatened with an adverse employment action.  That Defendants were contemplating requiring the vaccine, and then later reversed course and explicitly said they would not be, does not create a ripe case or controversy.

## IV. CONCLUSION

The Court GRANTS Defendants' Motion and DISMISSES Plaintiffs' claims without prejudice.

IT IS SO ORDERED.

Date: July 27, 2021                                                     _____
                                                                        Dale S. Fischer
                                                                        United States District Judge